IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MEENOO CHAHBAZA )
 )
and )
 )
SHABEH JOMEH D.C. )
 )
       Plaintiffs )
 )
    v. )  Case: 1:08-cv-00047
 )  Assigned to: Bates, John D.
JAMIE MICHAEL HESS )  Assign Date: 1/10/2008
 )  Description:Civil Rights-Non-Employ
       Defendant )

## ANSWER OF DEFENDANT JAMIE MICHAEL HESS

COME NOW Defendant, JAMIE MICHAEL HESS, pro se, and files this Answer to the Complaint for Damages whereof the following is a statement:

### ANSWER

1. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 1 of the Complaint.

2. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

**RECEIVED**

FEB 0 4 2008

Clerk, U.S. District and
Bankruptcy Courts

5. Paragraph 4 of the Complaint is a legal conclusion and, as such, requires no answer. To the extent a response is required, defendant denies the allegations contained therein.

6. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint.

7. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 7 of the Complaint but denies that he had the authority to "negotiate and/or enter into contracts on behalf of Blue Gin and others"

9. Defendant admits that this Court has jurisdiction over the subject matter of this action.

10. Defendant admits that venue is proper in this Court.

11. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 12 of the Complaint.

13. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 13 of the Complaint although he does admit that Shabeh Jomeh D.C. has, in the past, held events at Blue Gin.

14. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 14 of the Complaint.

15. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 15 of the Complaint.

16. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 16 of the Complaint.

17. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint.

18. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint.

19. Defendant admits that he was engaged by Blue Gin to promote Thursday nights but denies the remaining allegations of Paragraph 19 of the Complaint.

20. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint.

21. Defendant admits the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint to the extent that any alleged offer was "discriminatory". Defendant admits that the offer, which was mandated by Blue Gin, required a minimum guarantee. Defendant is without knowledge regarding the truth of the remaining allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant admits that plaintiff refused to accept the offer proposed by Blue Gin but denies that the offer was "discriminatory".

32. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 32 of the Complaint.

33. Defendant incorporates his previous responses to all other paragraphs of the Complaint as if fully set forth herein.

34. Paragraph 34 is a legal conclusion and as such requires no response. To the extent a response is required, Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph of the Complaint. Any and all conditions of the offer made to plaintiffs were made at the direction of Blue Gin and Defendant had no right to change or alter any of the terms without the express approval of the management of Blue Gin.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant incorporates his previous responses to all other paragraphs of the Complaint as if fully set forth herein.

41. Paragraph 41 is a legal conclusion and as such requires no response. To the extent a response is required, Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint, specifically that he had the right to bind Blue Gin in any way.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 47 of the Complaint.

48. Defendant incorporates his previous responses to all other paragraphs of the Complaint as if fully set forth herein.

49. Paragraph 491 is a legal statute and as such requires no response.

50. Paragraph 50 is a legal statute and as such requires no response..

51. Defendant admits the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant has insufficient knowledge to admit or deny the allegations of Paragraph 54 of the Complaint.

WHEREFORE defendant that this Court

1. Enter judgment on its behalf against plaintiffs and dismiss this action;

2. Award him his attorney's fees and costs incurred in defending this action; and

3. Award him such other and additional relief as the interests of justice may require.

                                        Respectfully submitted,

                              Jamie Hess, Pro Se
                              3225 Grace St, N.W. #203
                              Washington, D.C. 20007
                              (202) 230-1111
                              JAMIE@jamiehess.com
                              Defendant

CERTIFICATE OF SERVICE

I do hereby certify that I sent a copy of the foregoing Answer via first class U.S. mail, postage prepaid, to plaintiffs' counsel, Colin R. Kass, Esq., Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Suite 1200, Washington, D.C. 20005, this 4 day of February, 2008.

_____
Jamie Michael Hess